

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00137-CR

DONALD AUSTIN MARTIN                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Donald Austin Martin of possessing with intent to deliver more than four but less than two hundred grams of methamphetamine and possessing more than four ounces but less than five pounds of marijuana. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (d), 481.121(a), (b)(3) (Vernon 2010). The jury assessed Martin's punishment at fifty years' confinement and a $10,000 fine for the methamphetamine offense and twenty-

---

[1]*See* Tex. R. App. P. 47.4.

four months' confinement and a $10,000 fine for the marijuana offense. The trial court sentenced him accordingly.

Martin's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Martin that he may file a pro se brief, and he has done so.[2] Martin has also filed a "Motion to Suspend a Rule," a "Motion for Leave to File a Reply Brief," and a "Motion for a [Bledsoe] Hearing to Excuse Appellate Counsel Ottaway and Appoint New Counsel." The State declined to submit a brief in response to the *Anders* brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[2]Martin raises two issues of ineffective assistance of counsel and two issues challenging the enhancement allegations.

We have carefully reviewed the record, counsel's brief, and each of the issues raised by Martin in his pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, deny as moot Martin's "Motion to Suspend a Rule" and "Motion for Leave to File a Reply Brief," deny Martin's "Motion for a [Bledsoe] Hearing to Excuse Appellate Counsel Ottaway and Appoint New Counsel," and affirm the trial court's judgments.

                                           BILL MEIER
                                           JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 2, 2010